# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

---

APPEAL NO. 12-15603

D.C. No.:  2:11-CV-1549-PMP-VCF

---

**On Appeal from the United States District Court for Nevada, Las Vegas**

---

### APPELLANTS' REPLY BRIEF

---

DAVID ROY STILWELL; LILLIAN "TIGER LILY" GONZALEZ; MIKE "BONES" DAVIS; VICTOR "DOC" MOSS; KAREN JURASINSKI; RICHARD "DIRTY RICK" POLLARD; BURL DEAN BOLTON; JAMES B. CANFIELD; LUANN "CHEYENNE" FOSCHI; TIMOTHY FARRELL; BRIAN KATZ; CARLOS AUGUSTINE BOLTON; on behalf of themselves and others similarly situated;

        Plaintiffs – Appellants

v.

CLARK COUNTY, Nevada; CITY OF BOULDER CITY; CITY OF NORTH LAS VEGAS; CITY OF HENDERSON; CITY OF MESQUITE; CITY OF LAS VEGAS,

        Defendants – Appellees.

---

Travis N. Barrick, NBN 9257
GALLIAN WILCOX WELKER
OLSON & BECKSTROM, LC
540 E. St. Louis Avenue
Las Vegas, Nevada 89117
Telephone: (702) 892-3500
Facsimile:  (702) 386-1946
tbarrick@gwwo.com
Attorneys for Plaintiffs - Appellants

Gary W. Gorski, CBN 166526
Attorney at Law
1207 Front Street, Suite 22
Sacramento, CA 95814
Telephone: (916) 965-6800
usrugby@gmail.com
Attorneys for Plaintiffs - Appellants

# **TABLE OF CONTENTS**

PAGE NO.

I.    TABLE OF AUTHORITIES……………………………………………iii

II.   SUMMARY OF THE ARGUMENTS…………………………………1

III.  ARGUMENT……………………………….……………….……..3

    A.    The District Court erred in dismissing the Plaintiffs' Complaint
        with prejudice……………………………………………………3

    B.    The District Court erred in denying leave to file an amended
        pleading……………………………………………………………4

    C.    The Defendants' arguments regarding "waiver" are misplaced…7

    D.    The Defendants' arguments regarding prosecutorial immunity are
        misplaced…………………………………………………………..11

    E.    The Defendants' arguments regarding the Plaintiffs' state law
        claims are misplaced……………………………………………12

IV.   CONCLUSION……………………………………………….……..12


ATTORNEY'S CERTIFICATE OF COMPLIANCE ………………………13

CERTIFICATE OF SERVICE BY CM/ECF………….………………….…..14

| I. TABLE OF AUTHORITIES | |
|---|---|
| **CASES** | **PAGE NOS.** |
| Ballaris v. Wacker Siltronic Corp., 370 F.3d 901 (9th Cir. 2004). | 9 |
| Buckley v. Fitzsimmons, 509 U.S. 259 (1993). | 11 |
| California First Amendment Coalition v. Calderon, 150 F.3d 976 (9th Cir. 1998). | 6 |
| Carvalho v. Equifax Information Services, LLC, 629 F.3d 876 (9th Cir. 2010). | 6 |
| Citizens United v. Federal Elections Comm'n, _ US _, 130 S.Ct. 876 (2010). | 9 |
| Degelmann v. Advanced Medical Optics Inc., 659 F.3d 835 (9th Cir. 2011). | 10 |
| Desaigoudar v. Meyercord, 223 F.3d 1020 (9th Cir. 2000). | 4 |
| Dewey v. City of Des Moines, 173 U.S. 193, 19 S.Ct. 379 (1899). | 8 |
| Elder v. Holloway, 510 U.S. 510, 114 S.Ct. 1019 (1994). | 9 |
| Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003). | 5 |
| Exxon Shipping Co. v. Baker, 554 U.S. 471, 128 S.Ct. 2605 (2008). | 8 |
| Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). | 5 |

| CASES | PAGE NOS. |
|---|---|
| Hemmings v. Tidyman's Inc., 285 F.3d 1174 (9th Cir. 2002). | 10 |
| In re Broderbund/Learning Co. Secur. Litigation, 294 F.3d 1201 (9th Cir. 2002). | 4 |
| In re Mercury Interactive Corp. Securities Litig., 618 F.3d 988 (9th Cir. 2010). | 8, 10 |
| In re Schwarzkopf, 626 F.3d 1032 (9th Cir. 2010). | 10 |
| Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522 (9th Cir. 2008). | 3 |
| Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025 (9th Cir. 2008). | 3, 6 |
| Moss v. United States Secret Service, 572 F.3d 962 (9th Cir. 2009). | 3 |
| Myers v. Merrill Lynch & Co., Inc., 249 F.3d 1087 (9th Cir. 2001). | 10 |
| Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427 (1985). | 7 |
| Puerta v. United States, 121 F.3d 1338 (9th Cir. 1997). | 9 |
| Rabkin v. Oregon Health Sciences Univ., 350 F.3d 967 (9th Cir. 2003). | 7 |
| Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351 (9th Cir. 1996). | 4 |
| Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002). | 3 |

| CASES | PAGE NOS. |
|---|---|
| Torres-Lopez v. May, 111 F.3d 633 (9th Cir. 1997). | 7 |
| United States v. Corinthian Colleges, 655 F.3d 984 (9th Cir. 2011). | 11 |
| Voigt v. Savell, 70 F.3d 1552 (9th Cir. 1995). | 7 |
| Weissburg v. Lancaster School Dist., 591 F3d 1255 (9th Cir. 2010). | 8 |
| Yee v. City of Escondido, 503 U.S. 519, 112 S.Ct. 1522 (1992). | 8, 9 |

## III.  SUMMARY OF THE ARGUMENTS.

The overarching fact central to the Appellants' Complaint is that the Appellees *do not and never have* trained their law enforcement officers or prosecutors in any of the elements or standards embodied in the CFR Standard, the only standard that the Appellees may enforce.[1] This fact deprives the Appellees' officers and prosecutors of any claim of probable cause to cite or prosecute, or any claim of immunity for doing so.

Thus, without probable cause, any search and seizure, citation or arrest, prosecution and conviction of the Appellants by the Appellees is a wholesale violation of the Appellants' constitutional protections.

The proof of this single allegation, which the District Court was required to accept as true for purposes of the Appellees' Motions to Dismiss, is entirely in the exclusive possession of the Appellees. And, if this fact is later confirmed through the process of discovery, the issue of probable cause would be ripe for determination as a matter of law by way of summary judgment.

The District Court erred in failing to take cognizance of this critical allegation of fact, as well as those asserted in the pleadings, in dismissing with prejudice and denying the Appellants' Motion for Leave to Amend.

The Appellee's arguments regarding waiver, prosecutorial immunity and

---

[1] The Plaintiffs ask this Court to take note that nowhere in the pleadings or proceedings have any of the Appellees attempted to rebut this allegation.

1

the Appellants' state law claims are misplaced because they also fail to

acknowledge the critical relevance of this allegation.

For the convenience of the Court, the following table organizes the

Appellees' arguments:

| Henderson | Clark County and Las Vegas | Boulder City, Mesquite, NLV |
|---|---|---|
| The Appellants' Complaint was properly dismissed. | The Appellants' Complaint was properly dismissed. | The Appellants' Complaint was properly dismissed. |
| Denial of Appellants' Motion to Amend was not an abuse of discretion. | Request for leave to amend was properly denied. | Request for leave to amend was properly denied. |
| New theories raised on appeal should not be considered. | Clark County and Las Vegas cannot be held liable for actions by Metro and prosecutors. | Appellants waived 1983, facial challenge, Privileges and Immunities claims and 1st Amendment claims. |
|  |  | Appellants' failure to make 1983 claims was fatal. |
|  |  | 4th A, 14A, arbitrary enforcement and failure to train claims failed. |
|  |  | State law claims failed. |
| Appellants are not entitled to fees. |  | Appellants are not entitled to fees. |

///

## III. ARGUMENT.

### A.    The District Court erred in dismissing the Appellants' Complaint with prejudice.

Remand of this matter is required because of the District Court's erroneous determination that the Complaint was "without specific allegations of a single event, on any identified date, in any jurisdiction, by any named Defendant."

For a complaint to state a claim, the court must only find that the factual content, and the reasonable inferences it can draw from that content, are plausibly suggestive of a claim entitling plaintiff to relief. *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

First, as pled and argued throughout the proceedings, the Appellees ***do not and never have*** trained their law enforcement officers or prosecutors in any of the elements or standards embodied in the CFR Standard. (CR #1, ER000063)The District Court was required regard this allegation "as true and construed in the light most favorable to the nonmoving party (i.e. Appellants)." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F3d 1025, 1030–1031; *Leadsinger, Inc. v. BMG Music Publishing*, 512 F3d 522, 526 (9th Cir. 2008); see *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 995, fn. 1 (2002).

Further, the record is clear that Appellants presented numerous affidavits that articulated detailed, specific, factual allegations against each Defendant (the

"Affidavits"), which more than satisfied the notice pleading requirements.[2] Those Affidavits contained specific encounters between certain Appellants and the Appellees, on specific dates, in specific jurisdictions, by specific officers employed by the Appellees. Because the complete record of those encounters was and still is in the exclusive control of the Appellees, there was absolutely no barrier their pulling and reviewing the records of those encounters.

Thus, the District Court's finding was clearly erroneous and remand is the appropriate remedy.

## B.   The District Court erred in denying leave to file an amended Complaint.

Remand of this matter is required because of the District Court's erroneous determination "that further attempt at amendment would be futile"

Dismissals without leave to amend will be affirmed only if it appears "beyond a doubt" that the complaint cannot be saved by further amendment. *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1021 (9th Cir. 2000); *see In re Broderbund/Learning Co. Secur. Litigation*, 294 F.3d 1201, 1203 (9th Cir. 2002).

Nonetheless, because of the strong policy favoring leave to amend, denials of leave to amend are "strictly" reviewed.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

///

---

[2] (CR #18, ER 000033-49; CR 25, ER 000052-58),

4

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment ...."  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (listing the *Foman* factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party ... carries the greatest weight." Here, the Appellees have no claim of prejudice because the evidence of their various encounters is in their exclusive control and until discovery is conducted, the factual allegations of the Appellants' Complaint cannot be summarily dismissed.

Several Appellees blithely cite the District Court Order for the proposition that the Appellants' Proposed Amended Complaint suffered from a lack of specifics. This assertion is patently false in that the Proposed Amended Complaint included individual paragraphs which incorporated the factual allegations from the Affidavits. (CR #18-11, HSER00001) Thus, if there was a defect in the Complaint by way of a lack of "specific allegations of a single event, on any identified date, in any jurisdiction, by any named Defendant," that

5

defect was curable by way of the Proposed Amended Complaint which incorporated the factual allegations from the Affidavits.

Dismissal without leave to amend is improper unless "it is clear, upon de novo review, that the complaint would not be saved by ***any*** amendment." (Emphasis added), *Carvalho v. Equifax Information Services*, LLC, 629 F.3d 876, 892–893 (9th Cir. 2010) (emphasis in original; internal quotes omitted); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). While the Proposed Amended Complaint incorporated the factual allegations from the Affidavits, the District Court made it clear that the Appellants would not be limited to the four corners of the Proposed Amended Complaint and would be free to add additional claims as appropriate. (CR #1, ER000037) Thus, the District Court's finding that the Complaint could not be saved by "any" amendment was clearly erroneous in that it prematurely ruled on claims that were not yet before the District Court.

Further, the Appellants conceded that Las Vegas Metropolitan Police Department ("LVMPD") should have been named as the party responsible for the actions of the LVMPD officers, but, by denying them leave to amend, the District Court denied the Appellants any opportunity to add LVMPD.

///

///

**C.    The Appellees' arguments regarding "waiver" are misplaced.**

The Appellees' arguments regarding waiver of "claims" fail to address the standard of review in this matter.  The Court of Appeals applies the *de novo* standard of review to purely or predominantly legal issues.  *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997); *California First Amendment Coalition v. Calderon*, 150 F.3d 976, 980 (9th Cir. 1998).

In conducting a *de novo* review, the Ninth Circuit does not defer to the lower court's ruling, but independently considers the matter anew, as if no decision had been rendered on the matter below.  *Voigt v. Savell*, 70 F.3d 1552, 1564 (9th Cir. 1995); see *Rabkin v. Oregon Health Sciences Univ.*, 350 F.3d 967, 970 (9th Cir. 2003)—"no form of appellate deference is acceptable".

First, some of the appellees disingenuously argue that a 42 U.S.C. Section 1983 action was not plead since the Complaint did not use the actual citation. However, the lower court had no problem that federal question jurisdiction was proper and addressed the merits of the motions and complaint.

Second, the Appellees are confusing "claim" waivers with legal theories under the same claim (i.e. 4th Amendment claim)

The waiver doctrine stems from prudential concerns for judicial economy. As a result, a party's waiver of a claim or issue on appeal does not present a jurisdictional bar to the court's consideration of it.  See *Oklahoma City v. Tuttle*,

471 U.S. 808, 815–816, 105 S.Ct. 2427, 2432 (1985); *In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

Waiver doctrine is not applicable to "arguments." The Supreme Court has stated that the waiver doctrine does apply to the failure to raise a "claim" below; but it does not apply to "arguments." Indeed, absent exceptional circumstances, parties are free to make any argument in support of a properly presented ***claim*** on appeal, regardless of whether that precise ***argument*** was raised below.  See *Yee v. City of Escondido*, 503 U.S. 519, 534, 112 S.Ct. 1522, 1532 (1992); see also *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486–487, 128 S.Ct. 2605, 2617–2618 (2008); *Weissburg v. Lancaster School Dist.*, 591 F.3d 1255, 1260, fn. 3 (9th Cir. 2010)—"[T]he Supreme Court has made clear [that] it is ***claims*** that are deemed waived or forfeited, not ***arguments***." (Emphasis added; brackets in original)

In *Yee*, the petitioners raised one argument in the lower court and a different argument in the Supreme Court as to why the ordinance in question constituted a "taking." These were "not separate claims ... [but] rather separate arguments in support of a single claim—that the ordinance effects an unconstitutional taking."  Having raised that claim in the court below, "petitioners could have formulated any argument they liked in support of that claim here."  *Yee*, 503 U.S. at 535, 112 S.Ct. at 1532; see also *Dewey v. City of*

*Des Moines*, 173 U.S. 193, 198, 19 S.Ct. 379, 380 (1899).

It is clear that when the Supreme Court in *Yee* held that a party is free to raise new arguments on appeal to support a federal "claim," the Supreme Court was talking generally about a claim for relief made in the complaint (or in a pretrial order) and fairly presented in the District Court. See *Citizens United v. Federal Elections Comm'n*, _ US _, 130 S.Ct. 876, 893 (2010) - parties not limited to precise arguments made below to support "what has been a consistent claim" (brackets omitted).

Many issues might be raised in the district or appellate court that are not themselves "claims," including legal or jurisdictional questions, sanctions, rulings on motions and evidentiary objections, etc. Such issues are not "claims" under *Yee*, and *Yee* can fairly be read to permit new arguments in support of "issues" in all cases even when those arguments were not raised below.

Further, the waiver doctrine does not apply to new or additional authority cited on appeal in support of arguments or claims made below. *Elder v. Holloway*, 510 U.S. 510, 515–516, 114 S.Ct. 1019, 1022–1023 (1994); *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 908 (9th Cir. 2004)(—"Where, as here, the question presented is one of law, we consider it in light of all relevant authority, regardless of whether such authority was properly presented in the district court" (internal quotes omitted)); *Puerta v. United States*, 121 F.3d 1338, 1341–1342

9

(9th Cir. 1997)(—"An argument is typically elaborated ... , with more extensive authorities, on appeal ... and there is nothing wrong with that")

Even assuming that this Court deems a new *claim* is being raised on appeal, this Court's reluctance to consider *claims* and issues not raised in the lower court is a "rule of practice" designed to direct district courts to address all claims and issues in the first instance.  It is not a jurisdictional limitation; this Court retains discretion to consider claims and issues asserted for the first time on appeal.  *In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 992 (9th Cir. 2010); see *Myers v. Merrill Lynch & Co., Inc.*, 249 F.3d 1087, 1088 (9th Cir. 2001) (court declined to exercise such discretion).

In sum, a claim or issue will be preserved on appeal so long as the District Court had a reasonable opportunity to consider and rule on the matter. *Degelmann v. Advanced Medical Optics Inc.*, 659 F.3d 835, 840 (9th Cir. 2011); *In re Schwarzkopf*, 626 F.3d 1032, 1036, fn. 1 (9th Cir. 2010).

Further, under certain circumstances, the court of appeals may consider an issue that was not raised in the District Court, if review is necessary to cure "plain error."

"Plain error review requires: (1) an error, (2) the error is plain or obvious, (3) the error was prejudicial or effects [sic] substantial rights, and (4) review is necessary to prevent a miscarriage of justice."  *Hemmings v. Tidyman's Inc.*, 285

F.3d 1174, 1193 (9th Cir. 2002).

Here, the error is clear - denial of leave to file an amended complaint - and this Court may consider the matter where the District Court, in granting dismissal, expressly considered whether amendment was appropriate, and the matter was raised on appeal and fully briefed by both parties. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

### D.  The Appellees' arguments regarding prosecutorial immunity are misplaced.

The Appellees' reliance on the *Buckley* case is misplaced where the Appellees cite it for the proposition that "actions undertaken by a prosecutor in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). By virtue of this argument, Clark County seeks to over-extend the contour of absolute immunity and ignore both the outcome and the holding in *Buckley*, namely, "A prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." *Buckley*, 509 U.S. at 274. There, the prosecutors were held NOT to have absolute immunity for their actions because they did not have probable cause during the investigatory stage of the proceedings.

Here, the Appellants have alleged that both the Appellees' officers (police) and agents (the prosecutors) have proceeded against the Appellants in the absence of constitutionally sufficient probable cause, based upon a complete and utter failure to know the CFR Standard. The officers had none and prosecutors are not entitled to create probable cause after the fact.

### E.  The Appellees' arguments regarding the Appellants' state law claims are misplaced.

The Appellees go on at length to suggest that (i) they have discretion to cite and prosecute and (ii) that the Appellants' state law claims fail as a matter of law. Behind the Appellees' argument is the absurd proposition that this "discretion" is so broad that it does not require probable cause in the first place. Thus, if the lack of probable cause is established through discovery and trial, the critical elements of the Appellants' state law claims are viable.

### IV.  CONCLUSION.

The District Court erred in failure to take cognizance of the central allegation of the Appellants' Complaint and giving it the deference it deserved. In addition, the District Court erred in denying leave to amend where (i) the Proposed Amended Complaint contained sufficient factual allegations to survive subsequent Motions to Dismiss, (ii) additional claims were denied before they were even raised and (iii) a necessary party was not brought into the action.

Accordingly, the Appellants request that this Court reverse the District

Court's dismissal with prejudice and remand the matter to the District Court with

instructions to permit the Appellants to amend their Complaint as they see fit.

Dated this 24th day of September, 2012.

| | |
|---|---|
| By: /s/ Travis N. Barrick<br>Travis N. Barrick, NBN 9257<br>GALLIAN WILCOX WELKER<br>OLSON & BECKSTROM, LC<br>540 E. St. Louis Avenue<br>Las Vegas, Nevada 89117<br>Telephone: (702) 892-3500<br>Facsimile: (702) 386-1946<br>tbarrick@gwwo.com<br>Attorneys for Appellants - Appellants | By: /s/ Gary W. Gorski<br>Gary W. Gorski, CBN 166526<br>Attorney at Law<br>8549 Nephi Way<br>Fair Oaks, CA 95628<br>Telephone: (916) 965-6800<br>usrugby@gmail.com<br>Attorneys for Appellants - Appellants |

**CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32 AND CIRCUIT RULE 32-1 FOR CASE NUMBER 09-16852**

I certify that pursuant to Fed. R. App. 32 (a)(7) and Ninth Circuit Rule 32-1, the attached opening brief is proportionally spaced, has a typeface of 14 points or more and contains no more than 3,090 words. Microsoft Word was used to compute the word count.

Dated this 24th day of September, 2012.

By: /s/ Travis N. Barrick
Travis N. Barrick, SBN 9257
Gallian, Wilcox, Welker,
Olson & Beckstrom, LC
540 E St. Louis Avenue
Las Vegas, Nevada 89104
(702) 892-3500
Facsimile: (702) 386-1946
tbarrick@gwwo.com
Attorney for the Appellants

14

Case No. 12-15603

Certificate of Service by US Mail

I hereby certify that on the 24th day of September, 2012, I served the above and foregoing Appellants' Opening Brief and Excerpts of the Record by depositing a copy of the same in the U.S. mail, postage prepaid, at Las Vegas, Nevada, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Robert J. Gower, Esq.<br>Chief Deputy District Attorney<br>500 S. Grand Central Parkway<br>PO Box 55221<br>Las Vegas, NV 89155-2215<br>702.455.4114direct<br>702.382.5178fax<br>robert.gower@ccdanv.com<br>Attorneys for Clark County | Craig R. Anderson, Esq.<br>Micah S. Echols, Esq.<br>MARQUIS AURBACH COFFING<br>10001 Park Run Drive<br>Las Vegas, NV 89145<br>702.382.0711<br>702.382.5816fax<br>canderson@maclaw.com<br>mechols@maclaw.com<br>Attorneys for Boulder City,<br>Mesquite & North Las Vegas |
| James W. Erbeck, Esq.<br>Chief Deputy City Attorney<br>495 S. Main Street, 6th Floor<br>Las Vegas, NV 89101<br>702.229.6629<br>702.386.1749fax<br>jerbeck@lasvegasnevada.gov<br>Attorneys for the City of Las Vegas | Nancy D. Savage, Esq.<br>City Attorney<br>240 Water Street, MSC 144<br>Henderson, NV 89009-5050<br>702.267.1200<br>702.267.1201fax<br>Nancy.savage@cityofhenderson.com<br>Attorneys for the City of Henderson |

 /s/ Jenna Gonzalez
Jenna Gonzalez, an employee of Gallian, Wilcox, Welker, Olson & Beckstrom, LC